NO. 07-08-0025-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 13, 2008
_____

PEGGY G. PENNEY, APPELLANT

V.

DEBORAH MANGUM, APPELLEE
_____

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY;

NO. 017-220803-06; HONORABLE FRED W. DAVIS, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ON ABATEMENT AND REMAND**

Appellant, Peggy G. Penney, appeals from a judgment granting appellee an easement along appellant's real estate. The appellate record was due in this case by January 25, 2008. The clerk's record was filed on January 28. The court reporter did not file a reporter's record prior to January 25 and has not requested an extension to file the reporter's record. This court sent the court reporter a letter dated February 8, 2008 requesting information as to the status of the reporter's record and informing the court reporter of the availability of forms for requesting an extension if needed. The court

reporter was to inform this court of the status on or before February 19, 2008. As of this date, this court has not had any communication from the court reporter.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. See Tᴇx. R. Aᴘᴘ. P. 35.3(c). Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether the reporter's record can reasonably be filed in a manner that does not further delay the prosecution of this appeal or have the practical effect of depriving Penney of her right to appeal, and

2.  whether an alternate or substitute reporter should or can be appointed to complete the record in a timely manner.

The trial court shall cause the hearing to be transcribed. In addition, the trial court shall (1) execute findings of fact and conclusions of law addressing the foregoing issues, (2) cause a supplemental clerk's record to be developed containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and (3) cause a reporter's record to be developed transcribing the evidence and arguments presented at the aforementioned hearing, if any. The trial court shall then file the supplemental clerk's record and any reporter's record transcribing the hearing with the clerk of this court on or before April 25, 2008. Should further time be needed by the trial court to perform these tasks, the same must be requested before April 25, 2008.

It is so ordered.

Per Curiam